[Civ. No. 24585. Fourth Dist., Div. One. Sept. 15, 1982.]

In re the Marriage of E. CHARLENE and PHILLIP P. DAVES.
E. CHARLENE DAVES, Appellant, v.
PHILLIP P. DAVES, Respondent.

**COUNSEL**

William J. Pagnini for Appellant.

David K. Demergian and James E. Bunker for Respondent.

OPINION

**BROWN (Gerald), P. J.**—Charlene Daves appeals an order granting Phillip Daves' motion to quash writ of execution.

The parties divorced in 1969. The court awarded Charlene custody of the parties' two minor children, with reasonable visitation to Phillip. The court ordered Phillip to pay $75 support monthly for each child. Both parties remarried.

Phillip visited the children regularly and paid child support timely until Charlene moved to Florida with the children on February 6, 1971, without telling Phillip or giving him a forwarding address. Despite Phillip's request, Charlene's mother would not tell Phillip the location of Charlene and the children. In July 1971, Phillip asked the court to suspend child support payments because Charlene had disappeared with the children; however, Phillip's motion was taken off calendar because he could not find Charlene to serve her with process.

On September 20, 1979, Charlene asked Phillip to pay child support. Phillip has made child support payments since October 1, 1979.

On October 6, 1980, the court granted Charlene a writ of execution against Phillip for $20,619.64 for unpaid accrued child support from January 1971 through September 1979. Phillip asked the court to quash the writ of execution. Both parties filed declarations and testified at the hearing on Phillip's motion. After hearing, the court quashed the writ, finding Charlene deliberately removed the children to prevent Phillip from visiting them. The court also awarded Phillip $300 attorney fees.

■ Charlene contends the court erred in holding an evidentiary hearing on Phillip's motion to quash without adequate notice to her. She asserts her mother, sister and brothers were not available to testify at the hearing, because of such inadequate notice. However, the record shows the court properly held an evidentiary hearing. Phillip timely filed and served his motion to quash the writ of execution. Under San Diego Superior Court domestic law and motion rule III(b)(7), motions are generally heard on declarations; however, "in exceptional cases where the issues cannot be determined without the taking of evidence, the matter may be trailed to the foot of the calendar for the taking of

evidence .... When counsel feel that the matter cannot be fairly heard without testimony under oath the Court should be advised at the call of the calendar." Here the parties submitted conflicting declarations as to whether Charlene told Phillip in February 1971 about moving to Florida with the children. At the hearing on Phillip's motion, Phillip's attorney asked the court to permit Phillip to take the stand. The court allowed Phillip to testify; Charlene's attorney cross-examined Phillip. Charlene also testified and was cross-examined. Despite the opportunity, Charlene did not ask the court to allow her to present testimony by other witnesses. After considering the parties' conflicting declarations and testimony, the court simply did not believe Charlene. Charlene received a fair hearing and may not complain on appeal.

■ Charlene contends the court erred in quashing the writ of execution because Phillip did not make adequate efforts between 1971 and 1979 to find the children. However, given the evidence here the court could properly find Charlene was estopped to recover support payments for the period she concealed from Phillip her whereabouts and the children's location. Phillip visited the children regularly and paid child support timely from 1969 until Charlene moved to Florida with the children in February 1971 without telling Phillip. Charlene's mother did not tell Phillip Charlene's new address despite his request. From February 1971 until September 20, 1979, Charlene did not contact Phillip or ask him for child support. Under these circumstances, Phillip could justifiably assume Charlene "wanted no further contact with him nor any further support payments from him. In the absence of some indication . . . she desired further support payments, he was not required to track her down in order to press that money upon her." (*Szamocki* v. *Szamocki* (1975) 47 Cal.App.3d 812, 820 [121 Cal.Rptr. 231].)

Charlene contends the court had no authority to relieve Phillip of his child support obligations merely because she deprived him of visitation rights. However, Phillip's motion to quash the writ of execution was based not on Charlene's denying him visitation rights but rather on her not contacting him for more than eight years while secreting the children from him.

■ Charlene contends the court improperly awarded Phillip attorney fees because Phillip did not seek such fees at the hearing. However, under Civil Code section 4370, the court has authority at the time of

hearing to award reasonable attorney fees necessarily incurred in bringing a motion after judgment of dissolution.

The order is affirmed.

Cologne, J., and Work, J., concurred.