210 Cal.App.3d 83 (1989)
258 Cal. Rptr. 133
In re the Marriage of CAROLYN SUE and MICHAEL LEONARD McLUCAS.
CAROLYN SUE McLUCAS, Appellant,
v.
MICHAEL LEONARD McLUCAS, Respondent.
Docket No. B028862.
Court of Appeals of California, Second District, Division Six.
May 4, 1989.
*84 COUNSEL
John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Carol Wendelin Pollack and Andrew D. Amerson, Deputy Attorneys General, for Appellant.
Simmons & Wright and Berkeley L. Simmons for Respondent.
OPINION
STONE (S.J.), P.J.
Wife (Carolyn Sue McLucas) appeals from a superior court order granting husband's (Michael Leonard McLucas) motion to discharge arrears and to quash a wage assignment for certain periods during which the trial court found that wife had deliberately concealed the couple's minor child, Tonya. The trial court ordered return to husband of any moneys received for payment of arrearages which accrued during specified periods.
*85 Wife contends the trial court erred as a matter of law in concluding that the custodial parent's intentional concealment of a minor child from the noncustodial parent may estop the custodial parent from collecting child support arrearages during the period of concealment. We find no error and affirm the order.

FACTS
Wife appeals on a settled statement and does not challenge the substantiality of the evidence. The district attorney, acting on her behalf, proffered no evidence at the hearing on husband's motion. Husband presented evidence at the hearing which revealed that wife filed for dissolution of marriage after husband's return from Vietnam in 1970. The parties' child, Tonya, was born August 31, 1970. The dissolution became final in 1971. Wife left with Tonya in 1972 after telling husband's mother, Lottie McLucas, that she was leaving the area and that husband would not be permitted to see his daughter again. She did not inform any member of his family where she was going.
Husband had a brief visit with Tonya in 1973 when wife returned to the Oxnard area and called him to attend Tonya's birthday party. She did not permit him to visit again although she obtained a court order that husband pay $125 a month for child support. After six months she again disappeared. In June of 1986, the district attorney of San Joaquin County obtained an order assigning salary or wages to the County of San Joaquin on behalf of the minor. (See Civil Code, § 4701, subd. (n).)[1] The court issuing the order determined that husband owed child support arrearages of $21,796.48. In July of 1986, wife telephoned Mrs. McLucas and left a telephone number where she could be reached in the Stockton area and husband resumed contact with his daughter. Husband received the wage assignment order in January 1987, and moved for an order discharging child support arrearages, for reimbursement of moneys collected, and for modification of child custody.
At the hearing on the motions, husband admitted that he knew or had reason to know wife's location from the end of 1972 to the beginning of August 1973, but not at any time thereafter until August of 1986. The trial court found that wife deliberately concealed Tonya from husband during these periods of time. The court granted husband's motion to quash the existing wage assignment as to all arrearages accruing during the aforementioned periods of concealment and ordered reimbursement of any funds collected for those periods.
*86 After the court rendered its decision, wife's counsel filed wife's declaration and several letters attached thereto denying that she had concealed Tonya from husband. This declaration was neither offered nor received into evidence and husband's attorney stated that if it had been, he would have objected to it as hearsay.

DISCUSSION

No error in finding estoppel
(1) Courts have disagreed whether the custodial parent's willful failure to comply with a visitation order should affect the support obligation of the noncustodial parent. Several courts have held that the custodial parent is estopped from enforcing child support arrearages where deliberate concealment of the children or frustration of the noncustodial parent's visitation rights has occurred. (Szamocki v. Szamocki (1975) 47 Cal. App.3d 812, 818-820 [121 Cal. Rptr. 231]; Kaminski v. Kaminski (1970) 8 Cal. App.3d 563, 565-568 [87 Cal. Rptr. 453]; see also In re Marriage of Daves (1982) 136 Cal. App.3d 7, 10 [185 Cal. Rptr. 770].) However, a sizable number of appellate court cases have refused to cancel a support obligation due to a recalcitrant parent's frustration of the other parent's visitation rights because this punishment of the parent would be contrary to the child's best interests. (In re Marriage of Kelley (1986) 186 Cal. App.3d 613, 618 [231 Cal. Rptr. 6]; In re Marriage of Anderson (1981) 125 Cal. App.3d 553, 559 [178 Cal. Rptr. 117]; Moffat v. Moffat (1980) 27 Cal.3d 645, 651 [165 Cal. Rptr. 877, 612 P.2d 967]; In re Marriage of Ciganovich (1976) 61 Cal. App.3d 289, 294-295 [132 Cal. Rptr. 261].)
The Legislature has given strong indication that "the enforcement of child support orders shall not be barred by the contumacious behavior of a party to a dissolution proceeding." (Moffat v. Moffat, supra, 27 Cal.3d 645, 653, discussing Code of Civil Procedure section 1218's explicit exception of enforcement of child support orders from the statutory denial of court access to a disobedient litigant in dissolution proceedings.)
In Moffat, supra, the California Supreme Court held that denial of visitation rights does not establish the defense of estoppel to an action under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). (Code Civ. Proc., § 1650 et seq.) Section 1694 of the act provides that "The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court." The duty of support under the act includes "the duty to pay arrearages of support past due and unpaid." (Code Civ. Proc., § 1653, subd. (b).) The Supreme Court in Moffat found that "the *87 intendment of section 1694 is that RURESA provides no forum for litigating disputes over interference with custody and visitation rights...." (27 Cal.3d at pp. 651-652.) The sole purpose of the act is to enforce existing duties of support. (Id., at p. 659.) The Moffat court held, nonetheless, that the noncustodial parent is not without recourse: he or she may seek enforcement of the judgment, order or decree in the rendering court. (Id., at p. 652; § 4380.) That court, acting under the authority of the Family Law Act (§ 4351), may hold the offending parent in contempt, terminate or reduce spousal support, require a bond to assure compliance with the visitation order, or order a change of custody or modification of the custody and child support provisions of the original decree. (Id., at p. 652; see also In re Marriage of Ciganovich, supra, 61 Cal. App.3d 289, 293.) Moffat reaffirmed that "deliberate sabotage of visitation rights not only furnishes ground for modification, it is a significant factor bearing on the fitness of the custodial parent." (27 Cal.3d at p. 652; Ciganovich, supra, 61 Cal. App.3d at p. 294.) Moffat, however, concerned enforcement of ongoing child support orders rather than arrearages. (27 Cal.3d at p. 657, fn. 8.)
After Moffat, the Legislature enacted section 4382 in 1980 which provides that "The existence or enforcement of a duty of support owed by a noncustodial parent for the support of a minor child shall not be affected by a failure or refusal by the custodial parent to implement any rights as to custody or visitation granted by a court to the noncustodial parent." Thus, both the Legislature and the courts have recognized the two independent rights of child support and visitation, both accruing to the benefit of the child. (Camacho v. Camacho (1985) 173 Cal. App.3d 214, 219 [218 Cal. Rptr. 810]; In re Marriage of Ciganovich, supra, 61 Cal. App.3d at p. 294.)
Since the case before us is not a RURESA action nor is there any evidence that wife assigned her rights to San Joaquin County because of any public benefits received (cf. In re Marriage of Kelley, supra, 186 Cal. App.3d 613, 620; Carr v. Marshman (1983) 147 Cal. App.3d 1117, 1123 [195 Cal. Rptr. 603]), we must decide whether established law precludes the defense of estoppel and waiver to an action to collect child support arrearages where the trial court found deliberate concealment of the child. We find that it does not.
In Solberg v. Wenker (1985) 163 Cal. App.3d 475 [209 Cal. Rptr. 545], this court affirmed an order quashing a writ of execution by which the custodial parent who had concealed the children from their father sought to collect child support arrearages through a nonwelfare RURESA action. Based upon a Washington child support order, the Santa Barbara District Attorney's Office, Child Support Division, obtained a stipulated order for *88 support from the noncustodial parent, Mr. Wenker, who was unrepresented by counsel. When Mr. Wenker asked to have visitation rights established, the district attorney told him it was impossible to do so in the RURESA action. After the children reached maturity, the district attorney moved to establish arrearages and modify a wage assignment to pay off the balance of the accrued $11,000 arrearage. Mr. Wenker appeared with counsel and requested relief from any child support arrearage because of Ms. Solberg's concealment of the children. The court ruled she was estopped from recovering child support for these periods and we agreed. (163 Cal. App.3d at p. 478.)
We found that Mr. Wenker had been denied due process when he executed the stipulation because he had been unrepresented by counsel, was suffering from alcoholism, the document contained no express waiver of his right to a contested hearing, and that he did not understand the consequences of signing the stipulated order. (163 Cal. App.3d 475, 479.) We found that it was "more than reasonable to conclude that Mr. Wenker would not have simply consented to an $11,000 judgment against him had he known he had a right to contest his liability." (Ibid.)
Ms. Solberg claimed that denial of right to visitation is not a defense to an action for child support. We acknowledged that interference with the visitation rights does not affect the duty to pay child support (Code Civ. Proc., § 1694; Civ. Code, § 4382) since children should not be left without support because of the misconduct of their parents. (163 Cal. App.3d at pp. 479-480.)
We stated, however, that a noncustodial parent who cannot find an exspouse and children cannot take advantage of the aforementioned remedies discussed in Moffat and Ciganovich. (163 Cal. App.3d at p. 480.) We distinguished mere interference with visitation from active concealment and further noted that Mr. Wenker paid continuing support for the children from 1977 when he was contacted by the district attorney until the children reached majority. "Thus, the paramount consideration of the children's welfare had been fulfilled [citations] and the trial court properly held that Mr. Wenker was not required to put money into Ms. Solberg's pockets for the period during which she had concealed his daughters from him." (Id., at pp. 480-481.)
Solberg illustrates that less drastic methods than termination of ongoing child support exist to enforce frustration of visitation rights. (In re Marriage of Kelley, supra, 186 Cal. App.3d 613, 618.)
Our holding in Solberg was supported in State of Washington ex rel. Burton v. Leyser (1987) 196 Cal. App.3d 451 [241 Cal. Rptr. 812]. There the reviewing court did not decide whether concealment is a distinct defense to *89 an action for child support arrearages under RURESA because it found both waiver and estoppel valid defenses to a RURESA action for child support arrearages. (196 Cal. App.3d 451, 455-456.) The court reviewed the same cases cited by wife herein and stated, "We agree the principal concern in litigating the right to current and future child support is the welfare of the child. However, when past unpaid support is the issue, the welfare of the child may not be involved. For example, in this case reimbursement to the mother will have no tangible effect on Victoria, whose location is unknown. [Victoria reached maturity before the district attorney sought arrearages from the father.] Quite different considerations would be present if a public agency had provided support for the benefit of the children and was seeking reimbursement. A public agency cannot be estopped because of the conduct of the parents. [Citations.] Also, if the ongoing support of the child is at issue, our high court in Moffat and the Legislature by its enactments on the subject, have made it clear the child's right to sustenance must remain free of the disputes or express or implied agreements of the parents." (196 Cal. App.3d 451, 457, italics in original.)
The State of Washington court distinguished the cases of In re Marriage of Kelley, supra, 186 Cal. App.3d 613, In re Marriage of Ciganovich, supra, 61 Cal. App.3d 289, and In re Marriage of Anderson, supra, 125 Cal. App.3d 553, on the grounds that in those cases either the trial court failed to find active concealment (Kelley), the case did not discuss whether waiver and estoppel are valid defenses to an action for accrued child support arrearages (Kelley and Ciganovich), or statements to the contrary were simply dicta (Anderson). (196 Cal. App.3d at p. 458.)
As indicated in State of Washington, supra, there is an important distinction between ongoing interference with visitation which is subject to litigation and relief, and past conduct amounting to waiver and/or estoppel of prior support. (196 Cal. App.3d at pp. 458-459.) In the former case, the best interest of the child will dictate that the noncustodial parent actively seek a judicial remedy which does not entail depriving the child of ongoing support. In the latter case of arrearages only, the superior court hearing a motion for relief under the Family Law Act may well find that the best interests of the child will not be thwarted by finding an estoppel or waiver of the right to collect for past periods of active concealment, especially where it is doubtful those arrearages will now benefit the child, and there is no public agency seeking reimbursement.[2]
The superior court did not err as a matter of law in finding wife estopped from seeking reimbursement for those periods in which she actively concealed the child from husband.

*90 Assignment of error by variance between minute order and formal order not before this court

(2) Wife asserts that a variance exists between the minute order and the formal order in that the minute order directs the District Attorneys of Ventura and San Joaquin Counties to return any funds in their possession from the wage assignment for the periods of active concealment. The formal order directs the district attorneys to refund any moneys previously in their possession attributable to support accruing during the above-mentioned periods of concealment.
Initially, we note that wife's counsel, the Deputy District Attorney for Ventura County acting as counsel for wife and for San Joaquin County, approved the form and contents of the formal order. Additionally, neither county has filed an appeal in this case either in its own behalf or on behalf of Tonya. Any error in the wording of the formal order is against the nonappealing parties and not against wife. Consequently, since wife is not aggrieved by this variance, she may not assign it as error. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 246, p. 251; Nichols v. Nichols (1933) 135 Cal. App. 488, 491 [27 P.2d 414].)

Attorney's fees not warranted
(3) Husband requests that he be awarded attorneys' fees under one of two theories: (1) the appeal is frivolous (Cal. Rules of Court, rule 26(a)) or (2) he has produced a "public benefit," pursuant to Code of Civil Procedure section 1021.5. We do not find the appeal frivolous and deny the request on that ground.
Section 1021.5 provides that "Upon motion, a court may award attorney's fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."
Husband contends the benefit conferred in the present case is the promotion of the parent/child relationship between noncustodial parents and their children. Nonetheless, we do not find that husband brought about the enforcement of an important right affecting the public interest within the *91 purview of Code of Civil Procedure section 1021.5. (See, e.g., Westside Community for Independent Living, Inc. v. Obledo (1983) 33 Cal.3d 348 [188 Cal. Rptr. 873, 657 P.2d 365]; Woodland Hills Residents Assn., Inc. v. City Council (1979) 23 Cal.3d 917, 933 [154 Cal. Rptr. 503, 593 P.2d 200].) The result herein does not confer a significant benefit on the general public or a large class of persons. It is essentially a private dispute between the parties in which the custodial parent availed herself of the statutory remedy of utilizing the District Attorney's Office Child Support Division to collect child support. (See § 4701, subd. (n).) Whether a superior court should grant similar relief will depend upon the particular facts of a case measured against the best interests of the child and the general purposes of the pertinent legislation. Consequently, we deny husband's request for attorneys' fees.
The order is affirmed. Husband is entitled to his costs on appeal.
Gilbert, J., and Abbe, J., concurred.
NOTES
[1] All statutory references hereinafter are to the Civil Code unless otherwise specified.
[2] We note that Tonya has now reached maturity.