Opinion
 

 LILLIE, P. J.
 

 Bruce Wight appeals from order of October 18, 1988, denying his motion to quash writ of execution for unpaid child support and interest thereon in the sum of $30,596.40, based on a 1970 interlocutory judgment of dissolution of marriage which ordered him to pay child support of $25 per week beginning March 14, 1970.
 
 [1]
 

 Factual Background
 

 Bruce and Sharon Wight were divorced pursuant to an interlocutory judgment of dissolution of marriage filed in April 1970. Pursuant to the
 
 *1583
 
 judgment, Bruce was to pay for the support of the couple’s son born in July 1966, $25 per week beginning March 14, 1970, and continuing until the child “reached maturity, become married, emancipated, self-supporting, died or further order of the Court.”
 

 Between March 14, 1970, and January 4, 1985, when the son was emancipated, child support arrearages had accrued in the principal sum of $18,905. In April 1987, respondent obtained a writ of execution for the amount of unpaid installments of child support plus interest thereon not more than 10 years past due on the date of the application for the writ. Her application stated that the “Failure to claim interest, or amounts more than 10 years overdue, shall be deemed a waiver thereof for the purpose of this writ only.”
 
 [2]
 

 In 1987, the Legislature amended Civil Code section 4383.
 
 [3]
 
 On April 7, 1988, respondent filed a new application for writ of execution for all unpaid installments of support and interest thereon, not just those installments not more than ten years past due. A writ in the amount of $30,596.40 was issued and respondent proceeded to levy on real property owned by appellant. In June 1988, appellant noticed and filed “motion to quash writ of execution,” on the ground that the 1988 writ was invalid and illegal claiming that new Civil Code section 4383 still does not allow a writ obtained without prior court approval to reach back to installments more than 10 years past due. After hearing, the court denied his motion and granted respondent’s application for order for sale of dwelling. He appeals from “judgment [order] entered . . . October 18, 1988.”
 

 Discussion
 

 I
 

 Civil Code Section 4383
 

 Apparently conceding that the current version of Civil Code section 4383
 
 (ante,
 
 fn. 3) is applicable to the instant case,
 
 *1584
 
 appellant claims that the trial court and respondent incorrectly interpreted that statute to permit respondent to obtain a writ of execution without prior court approval for child support arrearages more than 10 years past due.
 
 [4]
 
 Without citation of authority, appellant claims that rather than permitting respondent to reach installments more than 10 years past due, the 1987 amendment of Civil Code section 4383 only created an additional limitation for enforcement of past-due installments based on the age of the child. In other words, appellant reads the statute as if it stated that an order for the
 
 *1585
 
 payment of child support may be enforced by a writ of execution without prior court approval until five years after the child reaches the age of majority for amounts that are not more than 10 years overdue on the date of application therefor.
 

 There are several problems with appellant’s argument. First, his construction of the statute violates the rule that in interpreting a statute, effect must be given to every word or phrase so that no part is useless or devoid of meaning.
 
 (Schwenke
 
 v. J
 
 & P Scott, Inc.
 
 (1988) 205 Cal.App.3d 71, 78 [252 Cal.Rptr. 91].) Appellant’s interpretation renders the words “and, thereafter,” mere surplusage.
 

 Second, the language of subdivision (a) of Civil Code section 4383 is clear and unambiguous. “[T]he fundamental goal of statutory construction is to ascertain the legislative intent, and that in determining such intent we look first to the words of the statute themselves.”
 
 (Long Beach Police Officers Assn.
 
 v.
 
 City of Long Beach
 
 (1988) 46 Cal.3d 736, 741 [250 Cal.Rptr. 869, 759 P.2d 504].) When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.
 
 (Ystrom
 
 v.
 
 Handel
 
 (1988) 205 Cal.App.3d 144, 148 [252 Cal.Rptr. 110].) Relative or modifying phrases are to be applied to the words immediately preceding them and are not to be construed as extending to more remote phrases unless the context or the evident meaning of the statute requires a different construction.
 
 (Oliva
 
 v.
 
 Swoap
 
 (1976) 59 Cal.App.3d 130, 138 [130 Cal.Rptr. 411].) When the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.
 
 (Ford Motor Co.
 
 v.
 
 County of Tulare
 
 (1983) 145 Cal.App.3d 688, 691 [193 Cal.Rptr. 511].)
 

 Applying the above precepts, we conclude that the language of Civil Code section 4383, subdivision (a) is clear and unambiguous in providing for two situations in which a writ of execution to enforce child or family support may be obtained without prior court approval. Such a writ may be obtained “until five years after the child reaches the age of majority”; after that time, such writ may be obtained “for amounts that are not more than 10 years overdue on the date of the application.” Had the Legislature intended the 10-year limitation to apply to the first clause of subdivision (a), it would have so stated; we should not imply such language where the Legislature has excluded it.
 

 Attempting to find support for his argument in the statutory framework, appellant claims that “if the Legislature had any intent to have Civil Code section 4383 interpreted in the manner the [respondent] contends it would
 
 *1586
 
 not have left in sections 4384 and 4384.5.”
 
 [5]
 
 Although appellant correctly implies that under the new statutory scheme, parties may not have as much need for the remedies set out in Civil Code sections 4384 and 4384.5, those remedies are not made superfluous or inconsistent with those in section 4383. In fact, more reliance on the expanded enforcement procedures in section 4383 was
 
 intended
 
 by the Legislature. A committee report on Senate Bill No. 1380 as amended July 8, 1987, states that according to the author of the bill “This measure is aimed at trying to help people collect unpaid child support. According to the U.S. Office of Child Support Enforcement, more than $9 billion in child support payments went unpaid in 1985 and unpaid support in California totalled $1.2 billion. [(¡] By extending the time support orders can be enforced without court approval, SB 1380 would assist the court by diminishing paperwork required for court approval and help the individuals involved who face just another hurdle in securing enforcement of support.” (Assem. Com. on Judiciary Rep. on Sen. Bill No. 1380 (Aug. 19, 1987), p. 2.)
 

 That report also notes in a comment on the bill as originally proposed, which permitted nonjudicial enforcement by writ of execution until 10 years after the child reaches the age of majority, that “The effect of extending the direct enforcement provisions to 10 years beyond the age of a child’s majority (age 18) is that a judgment may already be up to 18 years past due at the time it is given another 10 years of enforceability. No efforts to enforce the judgment need have been made during a period of up to 28 years. . . . []|] ... In light of the expansion of time provided in this bill, would not these records [bank records and other records of payment] likely be destroyed or lost?”
 
 {Ibid.)
 

 Although the law as enacted provided for such enforcement until five, not ten, years after the child reaches the age of majority, it is reasonable to infer that those who actually voted to enact the law read and considered the materials presented in explanation of it.
 
 (Hutnick
 
 v.
 
 United States Fidelity & Guaranty Co.
 
 (1988) 47 Cal.3d 456, 465, fn. 7 [253 Cal.Rptr. 236, 763 P.2d 1326].) Accordingly, we may infer that in enacting the measure the
 
 *1587
 
 Legislature intended to
 
 expand,
 
 not limit, the past due payments of child support that could be reached by the procedure in Civil Code section 4383,
 
 despite
 
 the possible unavailability of records to defend against claims of support arrearages going back 23 or 26 years, depending on whether the applicable age of majority is 18 or 21 years of age. The legislative history thus lends no support to appellant’s interpretation of the 1987 amendment to section 4383 as imposing a new and
 
 additional limitation
 
 on the remedy therein based on the age of the child.
 

 We conclude that appellant simply has not met his burden of demonstrating that the natural and customary import of the statute’s language is either repugnant to the general purview of the act or for some other compelling reason, should be disregarded.
 
 (Tiernan
 
 v.
 
 Trustees of Cal. State University & Colleges
 
 (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317].)
 

 As there is no dispute that respondent obtained the instant writ of execution within five years after the parties’ son reached the age of majority, we conclude that the trial court correctly interpreted and applied Civil Code section 4383 and properly denied appellant’s motion to quash writ of execution.
 

 II
 

 Sanctions
 

 Claiming that appellant’s appeal is frivolous in that he raises no argument that is “even colorable in support of his claim,” respondent requests sanctions. Despite the facts that appellant’s opening brief is not a model one and that he did not even avail himself of the opportunity to respond to the exceptionally well written and thorough brief of respondent, under the standards set out in
 
 In re Marriage of Flaherty
 
 (1982) 31 Cal.3d 637, 648-651 [183 Cal.Rptr. 508, 646 P.2d 179], we do not deem this a proper case for the imposition of sanctions.
 

 
 *1588
 
 Disposition
 

 The order is affirmed.
 

 Johnson, J., and Woods (Fred), J., concurred.
 

 [1]
 

 The order is appealable. (Code Civ. Proc., § 904.1, subd. (b); 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 102, pp. 122-123.)
 

 Appellant does not challenge that part of the order granting respondent’s application for sale of dwelling pursuant to Code of Civil Procedure sections 704.710 through 704.990, upon a determination of appellant’s “non-residence” in the dwelling and that it was not exempt from execution; nor does he challenge that portion ordering him to pay respondent attorney’s fees of $500. Thus we do not address those parts of the order or set out any facts pertaining to those issues.
 

 [2]
 

 Prior to January 1, 1988, Civil Code section 4383, subdivision (a) stated in pertinent part: “[A] judgment, order, or decree for the payment of child or spousal support may be enforced by a writ of execution without prior court approval for amounts that are not more than 10 years overdue on the date of the application for the writ.”
 

 [3]
 

 Civil Code section 4383, subdivision (a) now states: “Notwithstanding Section 4380, a judgment, order, or decree for the payment of child support or family support may be enforced by a writ of execution without prior court approval until five years after the child reaches the age of majority and, thereafter, for amounts that are not more than 10 years overdue on the date of application therefor.. . .”
 

 [4]
 

 Appellant does not contend, and we do not intend to imply, that the current version of Civil Code section 4383 is being applied retroactively in this case. Had the issue been raised we would note that a “statute is not made retroactive merely because it draws upon facts existing prior to its enactment. Thus changes in procedural law have been held applicable to existing causes of action. The effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future.’’
 
 (Strauch
 
 v.
 
 Superior Court
 
 (1980) 107 Cal.App.3d 45, 48-49 [165 Cal.Rptr. 552], internal quotation marks omitted.) A statute making procedural changes in the manner of enforcing a valid judgment is purely remedial to an existing status, and such statutes, unless they provide to the contrary, have historically been held to apply to pending or existing matters.
 
 (Angeli
 
 v.
 
 Lischetti
 
 (1962) 58 Cal.2d 474, 478 [24 Cal.Rptr. 845, 374 P.2d 813].)
 

 Moreover, we do not agree with appellant’s characterization of Civil Code section 4383 as a “statute of limitation,” as it does not set out a period after which a family law act judgment is unenforceable or after which an action thereon cannot be maintained; it only provides a procedure for enforcement by execution without the necessity of obtaining prior court approval.
 

 Further, such procedure is neither an action nor a special proceeding and is not itself subject to a statute of limitation. It has been held that an application to the court for a writ of execution under the predecessor statute to former Civil Code section 4384, “constitutes neither an ‘action’ nor a ‘special proceeding of a civil nature’ within the meaning of those terms as used in such statute [former Code of Civil Procedure section 343, providing a four year statute of limitations], nor is it in the nature of either. It is a mere subsequent step in an action or special proceeding already commenced, which is governed entirely, so far as the time within which the same may be taken is concerned, by the provisions of the statute specially relating thereto. No limitation of time whatever is prescribed by such provisions, the plain effect of section 685 of the Code of Civil Procedure being to empower the court to authorize the issuance of an execution upon a judgment
 
 at any time
 
 after its entry, the time within which the court may so act being without limitation.”
 
 (Doehla
 
 v.
 
 Phillips
 
 (1907) 151 Cal. 488, 493-494 [91 P. 330], original italics.)
 

 To the extent that appellant’s ambiguous reference to section 4383 as a “statute of limitations” suggests that the application of Civil Code section 4383 to the instant judgment has the effect of reviving a judgment barred by a statute of limitations, we note first, that appellant does not identify any statute or former statute which at some time would have operated to bar an action on, or any enforcement of, the judgment. Had he done so, and assuming such bar to exist, the argument would be unavailing because, as pointed out by
 
 Doehla, supra,
 
 there is a distinction between the maintenance of a new action on a judgment and the enforcement of a judgment by execution. “It may be argued that it is inconsistent that a judgment which is barred by limitation, so far as the maintenance of a new action thereon is concerned, can by leave of the court be enforced by execution; but the legislature may so provide, and we cannot construe the language of the statute before us otherwise than as showing such provision.” (151 Cal. at p. 494.)
 

 We accordingly proceed to address the only cognizable issue raised in appellant’s six-page opening brief: Whether the terms of new section 4383 permit respondent to obtain a writ of execution for amounts more than 10 years past due.
 

 [5]
 

 Civil Code section 4384 provides: “The lack of diligence for more than the period specified in Section 4383 in seeking enforcement of a judgment, order, or decree of the court made, entered, or enforceable pursuant to this part that requires the payment of money shall be considered by the court in determining whether to permit enforcement of the judgment, order, or decree under Section 4380. In the case of a judgment, order, or decree for the payment of money in installments, the period specified pursuant to Section 4383 runs as to each installment from the date the installment became due.”
 

 Civil Code section 4384.5 provides in part that “Any party may renew a judgment for child or spousal support by filing an application for renewal of the judgment in the manner specified in Article 2 (commencing with Section 683.110) of Title 9 of Part 2 of the Code of Civil Procedure.”