[No. D010813. Fourth Dist., Div. One. May 15, 1991.]

LAURIE L. PUIG et al., Plaintiffs and Respondents, v.
RICKY JOE RYBERG, Defendant and Appellant.

COUNSEL

Jon A. Jensen and Richard B. Hudson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, M. Howard Wayne and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiffs and Respondents.

OPINION

**WIENER, Acting P. J.**—Defendant Ricky Joe Ryberg appeals the judgment entered in this Revised Uniform Reciprocal Enforcement of Support Act[1] (RURESA) proceeding ordering him to pay $8,400 to his former wife, Laurie L. Puig, and $6,100 to the State of Wisconsin for child support arrearages for his minor daughter Melody. We decide substantial evidence supports the court's implied finding Puig did not intentionally conceal Melody and on that basis reject Ryberg's assertion he has no liability for accrued child support. We also explain why the 10-year limitations period within which an action to enforce a judgment pursuant to Code of Civil Procedure section 337.5[2] is inapplicable in light of Civil Code sections 4708 and 4383.[3] We therefore affirm the judgment.

I

The RURESA petition alleged Ryberg was liable to the State of Wisconsin for the financial aid it provided for Melody for the period between December

---

[1]All 50 states, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands have enacted the 1950 or 1968 version of the Revised Uniform Reciprocal Enforcement of Support Act. California's 1968 version is contained in Code of Civil Procedure section 1650 et seq. (see annot. 19A West's Ann. Code Civ. Proc. (1991 pocket supp.) preceding § 1650, pp. 74-75).

[2]Code of Civil Procedure section 337.5 provides that an action upon a judgment or decree of any state within the United States must be commenced within 10 years.

[3]All statutory references are to the Civil Code unless otherwise specified.

Section 4708 provides: "In any case, in which, a parent has been ordered to make payments for the support, maintenance and education of a minor child, an action to recover an arrearage in those payments may be maintained at any time within the period otherwise specified for the enforcement of such a judgment, notwithstanding the fact that the child has attained the age of 18 years."

Section 4383 provides in part: "(a) Notwithstanding section 4380, a judgment, order, or decree for the payment of child support . . . may be enforced by a writ of execution without prior court approval until five years after the child reaches the age of majority and, thereafter, for amounts that are not more than 10 years overdue on the date of application . . . ."

1975 and January 1982 and to Puig for the relevant period before and after such aid. At trial Ryberg defended on the theory he was not obligated to pay child support because Puig had actively concealed Melody from him during this entire period. To support his argument Ryberg cites California cases holding deliberate concealment of the minor child precludes the parent and/or the state from collecting accrued child support from the parent deprived from seeing or visiting with his or her child. (See *In re Marriage of McLucas* (1989) 210 Cal.App.3d 83 [258 Cal.App. 133]; *State of Washington ex rel. Burton* v. *Leyser* (1987) 196 Cal.App.3d 451 [241 Cal.Rptr. 812]; *Solberg* v. *Wenker* (1985) 163 Cal.App.3d 475 [209 Cal.Rptr. 545]; *In re Marriage of Daves* (1982) 136 Cal.App.3d 7 [185 Cal.Rptr. 770]; and *In re Marriage of Szamocki* (1975) 47 Cal.App.3d 812 [121 Cal.Rptr. 231].) Ryberg frankly admits there is another line of cases which hold otherwise conceding his position is difficult to reconcile with Code of Civil Procedure section 1694,[4] Civil Code section 4382, *Moffat* v. *Moffat* (1980) 27 Cal.3d 645 [165 Cal.Rptr. 877, 612 P.2d 967] and *In re Marriage of Tibbett* (1990) 218 Cal.App.3d 1249 [267 Cal.Rptr. 642]. Section 4382, enacted after *Moffat*, expressly provides the duty of support owed by a noncustodial parent for the support of a minor child is unaffected by the custodial parent's refusal to permit the noncustodial parent to exercise his or her visitation and/or custody rights.

■ Although we are inclined to think the foregoing cited statutes and the latter line of cases refutes Ryberg's argument, we rest our decision here on the absence of the factual predicate essential to his position. There is nothing in the court's decision suggesting Puig concealed Melody or that it was relying solely on section 4382 and *In re Marriage of Tibbett, supra,* as the basis for its ruling. To the contrary, because all presumptions favor the judgment, the court impliedly found Melody was never hidden and therefore regardless of the law on concealment Ryberg was not excused from paying child support. Thus, if there is substantial evidence to support this finding we must affirm the judgment.

To establish his defense Ryberg presented evidence that shortly after their divorce Puig remarried and moved to Wisconsin. She neither advised him nor the Texas court which had ordered Ryberg to pay child support of her new address. Puig enrolled Melody in school under her stepfather's name and not Ryberg's. Further, Ryberg unsuccessfully tried to locate his former wife and daughter by contacting Puig's mother in 1974, 1975, and 1977. He was also unsuccessful in trying to locate them in his contacts on several occasions with Puig's sister.

---

[4]Code of Civil Procedure section 1694 states in part that "The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court."

Saying that Ryberg sporadically and unsuccessfully tried to locate his former wife and child is not the same, however, as saying Puig actively concealed Melody from him particularly in light of the following evidence.

For a period starting in 1977 Puig tried to locate Ryberg so that her husband could adopt Melody. She was assisted in her unsuccessful quest by the child support authorities in Wisconsin. In this regard, even though Ryberg complains Puig could have easily reached him through his parents, that did not seem to be his father's attitude when he was contacted. When the social services counsel of Barron, Wisconsin, asked in July, 1976, how Ryberg could be contacted, his father replied that his son got out of the Marines in February "and went to New York to ship out in the Merchant Marines. We don't know his where-a-bouts." In addition, in 1978 Ryberg requested and received Puig's current address from her parents and gave it to church authorities to assist in his annulment proceeding. Nonetheless he personally made no effort to contact either Puig or Melody.[5] Not until 1985 did Ryberg give Puig's mother his address so that his former wife or daughter could contact him if either of them wished to do so. Thus, even though Ryberg's selective efforts to contact his former wife appear to have been unsuccessful, the record viewed in the light most favorable to the judgment reflects generalized passivity on his part, a willingness to be free from child support payments, rather than Puig having concealed Melody. Substantial evidence supports the finding that Melody was not concealed from her father.

## II

Ryberg also argues that even if he is obligated to pay child support, the 10-year limitations provision of Code of Civil Procedure section 337.5 prevents collecting any sums accruing before March 19, 1977, i.e., 10 years before the filing of this action on March 19, 1987. To support his argument he cites *Morris* v. *Cohen* (1984) 149 Cal.App.3d 507 [196 Cal.Rptr. 834] where we held a judgment debtor under RURESA could successfully assert the 10-year statute of limitations. (*Id.* at pp. 514-517.) *Morris*, however, was decided before section 4708 was enacted. That section expressly authorizes an action to recover an arrearage in child support at any time within the period specified for the enforcement of such a judgment even though the child may have attained the age of 18 years. (See *ante*, fn. 3.) Under section 4383, enforcement of a judgment for *all* accrued child support is available until the child reaches age 24. (*Ibid.*) Only after the child reaches that age does the 10-year limitations period apply. (*In re Marriage of Wight* (1989)

---

[5]Ryberg explained that church authorities requested he refrain from contacting Puig and Melody directly as it might improperly affect their answers to an annulment questionnaire.

215 Cal.App.3d 1590, 1595 [264 Cal.Rptr. 508].) Prompted by obvious policy and fiscal considerations the Legislature decided *all* accrued child support should be collectible provided the RURESA action was filed before the child reached 24 years of age. Thus sections 4708 and 4383 reflect a legislative intent to replace Code of Civil Procedure section 337.5 in actions such as this, thereby eliminating *Morris* v. *Cohen, supra,* as precedent.[6] Because the action here was commenced when Melody was 16 years old, the 10-year limitations period was not triggered and reduction of the judgment is not warranted.

## DISPOSITION

Judgment affirmed.

Work, J., and Benke, J., concurred.

---

[6]We note the Legislature in Welfare and Institutions Code section 11475.1 also eliminated another aspect of *Morris* v. *Cohen, supra,* 149 Cal.App.3d 507 which had held the district attorney was not authorized to represent adult children in an action to enforce a foreign judgment of child support arrearages. (See Cal. Family Law Service (1986) ch. 44, § 44.11, p. 601.) Now such an action may be maintained by the district attorney. (*Ibid.*)