[No. B063367. Second Dist., Div. Four. Feb. 17, 1994.]

In re the Marriage of JEAN and KENNETH RYAN.
JEAN PALMER RYAN, Petitioner and Respondent, v.
KENNETH WAGNER RYAN, Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2 and 3.

844

**COUNSEL**

Kenneth W. Ryan, in pro. per., for Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Elaine F. Tumonis, Deputy Attorneys General, for Petitioner and Respondent.

## OPINION

**HASTINGS, J.**—This appeal is from a judgment rendered under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA).[1]

Kenneth Wagner Ryan (Husband) appeals from a judgment ordering him to pay Jean Palmer Ryan (Wife) child support in the amount of $12,837.62, plus costs, for their three children. His principal contention on appeal is that pursuant to Texas law (the state in which the support award was originally entered), he should not be liable for any support payments. We reverse the judgment and remand to the trial court for recomputation of the amount of support due.

### FACTUAL BACKGROUND

Husband and Wife were married in Texas in 1967. They had three children: Kevin, born October 20, 1967, Kimberly, born August 16, 1969, and Kelly, born May 21, 1971. Pursuant to a 1974 Texas divorce decree, Husband was to make child support payments of $116.67 per month per child, commencing in October 1974. Husband paid the support as ordered through November 1976, made sporadic payments for the next several months, and made no payments between September 1977 and November 1985.

Husband relocated to New York, and Wife successfully obtained orders in that state directing him to make child support payments (the New York action). Husband resumed paying child support between December 1985 and August 1988, but he failed to make any payments thereafter.

In October 1988, Husband was found to be living in California. A petition under RURESA was filed in Texas on August 18, 1989, by the Texas Attorney General's Office and transmitted to Los Angeles Superior Court,

---

[1]The Uniform Reciprocal Enforcement of Support Act (URESA) was adopted in California in 1953 and revised in 1968. Prior to December 31, 1993, it was codified at Code of Civil Procedure sections 1650-1699.4, and is currently contained in Family Code sections 4800-4854. Either URESA or RURESA has been adopted by all 50 states, the District of Columbia, Guam, and the Virgin Islands. (*Scott* v. *Superior Court* (1984) 156 Cal.App.3d 577, 586 [202 Cal.Rptr. 920].)

where Wife was represented by the District Attorney of Los Angeles County, pursuant to RURESA. (See Code Civ. Proc., former § 1674.)[2] The petition alleged that as of May 21, 1989, past due support payments amounted to $15,571.03. At the time the petition was filed in California, Kevin was 22, Kimberly was 20 years, 2 months, and Kelly was 18 years old.

At the hearing on the petition, the trial court ruled that Wife could only recover unpaid child support due during the period from 1979 to 1989, since any amounts due prior to that time were barred by the Texas statute of limitations. The parties subsequently agreed that during that time period, the amount of past support due was $12,837.62. Judgment was entered accordingly.

When Husband refused to pay that amount, Wife obtained a writ of execution. Husband attempted to have the writ quashed. The parties subsequently stipulated to a monthly amount to be deducted from Husband's paycheck to satisfy the judgment.

## SUMMARY OF CONTENTIONS

Husband contends that the trial court was correct in applying Texas law but erred in ordering any support payments at all because Wife would have been barred from collecting such sums under Texas law. Next, he contends he is entitled to an award of attorney fees and costs incurred in conjunction with his motions to quash the writ of execution (Code Civ. Proc., § 128.5). Finally, he contends that because the court erred in refusing to admit certain documentary evidence related to Wife's New York action, the evidence was insufficient to support the judgment.

## DISCUSSION

1. *The trial court erred in computing the amount of child support due.*

As previously indicated, this action was brought under RURESA. Under RURESA, in combination with the Family Law Act, the scheme for enforcement of foreign support judgments is entirely different than that for determining enforcement of foreign judgments. The trial court failed to appreciate this and appellant's argument on appeal fails to recognize this.

a. *The applicable law.*

The general approach recognizes that the statute of limitations is that of the forum state. (*Biewend* v. *Biewend* (1941) 17 Cal.2d 108, 114 [109 P.2d

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

701, 132 A.L.R. 1264].) In California the statute of limitations for foreign judgments is 10 years. (§ 337.5.) California, however, also has a "borrowing statute," section 361, which provides that if a foreign judgment is not enforceable in the state in which it is entered by virtue of that state's statute of limitations, it is not enforceable in California. (3 Witkin, Cal. Procedure (3d ed. 1985) § 71, pp. 98-100.)

Here, the trial court correctly noted that it was bound to follow the California statute of limitations law as the law of the forum in which the action was brought. ■ It then utilized section 361 and looked to the Texas statute and interpreted Texas law as prohibiting recovery of support payments more than 10 years overdue. Husband argues that the trial court properly utilized Texas law but urges that it misinterpreted the law, and Wife is precluded from recovering any amounts whatsoever. He argues that before enforcing the judgment in California, Wife was required by Texas Family Code section 14.41 to file a motion in Texas within two years after each child became an adult, which she did not do, and therefore the obligation expired by operation of law.[3] In support of his position he cites *Parhm v. Parhm* (1969) 2 Cal.App.3d 311 [82 Cal.Rptr. 570].

The issue is whether it was appropriate for the court to utilize Texas law.

RURESA has its own choice of law provision in former section 1670 which provides: "Duties of support applicable under this title are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown."

In *Scott v. Superior Court, supra,* 156 Cal.App.3d 577, we reviewed this choice of law provision to decide whether to adopt New York law or

---

[3]Texas Family Code Annotated section 14.41 provides in pertinent part: "(a) Judgment for Arrearages. A periodic child support payment not timely made shall constitute a final judgment for the amount due and owing. On the motion of an obligee or obligor, after notice and hearing, the court shall confirm the amount of child support in arrears and shall render judgment against an obligor for any amount of child support unpaid and owing. . . . The judgment may be enforced by any means available for the enforcement of judgments for debts. [¶] (b) Time Limitations. The court may not confirm the amount of child support in arrears and may not enter a judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to render judgment under this section. The court retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within two years after: [¶] (1) the child becomes an adult; or [¶] (2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law."

The statute was amended shortly after the filing of Wife's petition to extend the time period specified in subdivision (b) from two years to four years.

California law in a support case. There, a mentally disabled adult living in New York sought support from her father, a California resident. Under New York law, no such obligation could have been imposed on her father once she obtained majority. However, in California, pursuant to Civil Code section 206, a disabled adult child can obtain support from a parent under appropriate circumstances. We resolved the choice of law problem in favor of the child being able to maintain the action against her father. We first discussed the traditional choice of law approach and found that California had a substantial interest in fostering the best interests of the child and familial responsibility. (*Scott* v. *Superior Court, supra*, 156 Cal.App.3d at pp. 580-584.) However, we then noted that RURESA has its own choice of law provision, which we discussed: "In 1953 California adopted the Uniform Reciprocal Enforcement of Support Act (hereafter the URESA) and later adopt[ed] the Revised URESA in 1968. This uniform act provides a predetermined choice of law rule in matters involving child support in the interstate context. The rule requires application of California law in the underlying action as the law of the state where the alleged obligor is present. [¶] Section 1655 of the California Code of Civil Procedure . . . provides: '*Duties of support arising under the law of this State*, when applicable under Section 1670, *bind the obligor, present in this State, regardless of the presence or residence of the obligee. . . .*' [¶] Section 1670 of the Code of Civil Procedure provides in pertinent part: 'Duties of support applicable under this title *are those imposed under the laws of any state where the obligor was present for the period during which support is sought.*'" (*Id.* at p. 584.) In conclusion we noted: "Accordingly, sections 1652, 1655, and 1670 of the Code of Civil Procedure, read in conjunction with the pervasive public policy of California to effectuate the best interests of children and family unity, compels the conclusion that California has a significant interest in and an expectation of the application of Civil Code section 206 in the underlying action." (*Id.* at p. 585.)

This was recently reiterated in *In re Marriage of Hyon & Kirschner* (1991) 231 Cal.App.3d 449, 454 [282 Cal.Rptr. 408]: "Appellant correctly argues that the trial court should have applied California law to determine the amount of the AFDC recoupment. Code of Civil Procedure section 1670 requires that the 'responding state' in a RURESA action apply its own law. The court's reliance on Florida Statutes . . . was misguided."[4]

Appellant relies upon the cases of *Biewend* v. *Biewend, supra*, 17 Cal.2d 108 and *Parhm* v. *Parhm, supra*, 2 Cal.App.3d 311. *Biewend* was decided

---

[4]The court cited and followed *Scott* v. *Superior Court, supra*, and also cited *In re Marriage of Taylor* (1981) 122 Cal.App.3d 209 [175 Cal.Rptr. 716]. *Taylor* involved collection, in California, of arrears on a Missouri judgment for child support up to the age of 21 years. The obligor argued that in California, the age of majority was age 18 and therefore he should not be required to support children beyond that age. The court found that the obligor could be held responsible for support up to the age of 21. While the *Taylor* court did discuss the choice

before URESA was adopted in 1953. In *Parhm*, the original obligation for support was established in the State of Washington. The California appellate court borrowed a Washington statute which effectively extinguished any legal obligation more than six years old. The court found that the wife could not collect installment payments of child support due more than six years before she filed her petition in California. (2 Cal.App.3d at pp. 315-316.) While RURESA was effective when *Parhm* was decided, the case was decided the year before the new Family Law Act became effective and prior to the enactment of Civil Code former sections 4708 and 4383, discussed in the next section. The law relating to enforcement of child support is entirely different now than it was when *Parhm* was decided.

■   Husband also argues that to allow enforcement of an obligation that otherwise would be unenforceable in another state is an equal protection violation and encourages forum shopping by the spouse seeking support. As we noted in *Scott*, where a similar argument was advanced, "California's law imposing a primary support obligation upon California resident parents serves legitimate and compelling state interests, does not create any invidious distinction between classes of California residents, and does not penalize interstate migration by withholding any necessity of life from persons desirous of immigrating here." (*Scott* v. *Superior Court*, *supra*, 156 Cal.App.3d at p. 588.) In the instant case, the fear that forum shopping by Wife may be encouraged is at least ironic if not absurd since it was Husband's move to California which caused her to seek relief here.

■   The mutual adoption by California and Texas of RURESA is "tantamount to a formal agreement between these states . . . that in all child support matters involving these two states, the controlling choice of law criterion is the place where the alleged obligor is present." (*Scott* v. *Superior Court*, *supra*, 156 Cal.App.3d at p. 586.) We therefore find that pursuant to former section 1670, *Scott*, and *In re Marriage of Hyon & Kirschner*, the trial court should have applied California law in determining the collectibility of the past due support obligation and calculating the amount due.

b.   *Pursuant to California law, Wife is not barred from recovering amounts more than 10 years old.*

■   Having thus decided that California law applies, we are next faced with the problem of discerning what that law is, since there are several conflicting rules on the applicable statute of limitations. We conclude that a

---

of law provisions of former section 1670, the determination of the court rested on the constitutional ground of full faith and credit. (*In re Marriage of Taylor*, *supra*, 122 Cal.App.3d at p. 215.)

support order may be totally enforced until a child reaches the age of 23 years old, regardless of whether the obligation is more than 10 years old, and thus Wife was entitled to recover support payments due more than 10 years prior to the filing of the RURESA petition.

Husband argues that pursuant to section 337.5, he cannot be held liable for any child support payments due more than 10 years before the date Wife filed her RURESA petition. That section provides that "[a]n action upon a judgment or decree of any court of the United States or of any state within the United States" must be commenced within 10 years. (§§ 337.5, 335.)

Civil Code former section 4708, enacted in 1985, however, provides that ". . . an action to recover an arrearage in [child support] payments may be maintained at any time within the period otherwise specified for the enforcement of such a judgment, notwithstanding the fact that the child has attained the age of 18 years."

Civil Code former section 4383 provides in part: "(a) Notwithstanding Section 4380, a judgment, order, or decree for the payment of child support or family support may be enforced by a writ of execution without prior court approval until five years after the child reaches the age of majority and, thereafter, for amounts that are not more than 10 years overdue on the date of application therefor." Therefore, the judgments may be enforced fully until the child reaches age 23 and thereafter only as to amounts that are not more than 10 years overdue.

A recent opinion, *Puig v. Ryberg* (1991) 230 Cal.App.3d 141 [283 Cal.Rptr. 604], examined the legislative history of those Civil Code sections and found an intent to replace section 337.5 in child support actions. (230 Cal.App.3d at pp. 145-146.) It held that only after the child reaches the age of 24 does the 10-year statute of limitations apply. (*Id.* at p. 145; see *In re Marriage of Wight* (1989) 215 Cal.App.3d 1590, 1596-1597 [264 Cal.Rptr. 508].)[5] Accordingly, since none of the Ryan children had reached the age of 23 at the time the petition was filed, Wife was entitled to collect all past due support payments, even though more than 10 years overdue.

c. *Wife was not required to file a motion for enforcement in Texas before she filed the petition in California.*

█ Husband argues that Texas law requires Wife to file a motion in Texas to establish a final judgment before presenting that judgment for

---

[5]The *Puig* court expressly found that *Morris v. Cohen* (1984) 149 Cal.App.3d 507 [196 Cal.Rptr. 834], a case holding that a judgment debtor under RURESA could successfully assert the 10-year statute of limitations, was superseded by the enactment of Civil Code former section 4708. (230 Cal.App.3d at pp. 145-146.) Also, by our calculation, the proper age would be 23.

enforcement in California. This argument has no merit. A petition under RURESA may be based on any duty of support, "whether imposed or imposable by law or by order, decree, or judgment. . . ." (former § 1653, subd. (b).) This clearly includes any duty existing under statutory law even if it has not been previously reduced to the form of an order or judgment and is first sought to be enforced under RURESA. (*Scott* v. *Superior Court, supra,* 156 Cal.App.3d at pp. 584-585; *Banks* v. *McMorris* (1975) 47 Cal.App.3d 723, 727 [121 Cal.Rptr. 185].)

Wife was not required to file any motion in Texas before pursuing a RURESA action in California.

d. *The issue of the New York orders.*

Husband claims that because Wife did not submit, and the trial court did not consider, evidence relating to previous support orders entered in the New York action, the matter should be remanded. He claims those orders are relevant to the issue of the amount of the California support order and that Wife was "delinquent" in not filing copies of those orders with her RURESA petition.

Former section 1689 provides: "A support order made by a court of this state [under RURESA] does not nullify and is not nullified by . . . a support order made by a court of any other state. . . . Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state." The import of this section is that the New York judgment did not nullify the Texas judgment. To the extent that Husband had made payments under the New York orders, he could have used those payments as credit against the amounts sought in the trial court. Therefore, his claim that these matters are relevant is correct. (*In re Marriage of Straeck* (1984) 156 Cal.App.3d 617, 623-625 [203 Cal.Rptr. 69].)

We observe that Husband never raised this issue in the superior court. However, in light of the fact we are remanding this for further proceedings, he will have the opportunity to raise the issue of the effect of the New York orders.

2., 3.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 841.

## DISPOSITION

The judgment is reversed and remanded to the trial court with directions to recompute the amount of support due from appellant to respondent by applying California law. Respondent is to recover her costs on appeal.

Woods (A. M.), P. J., and Klein (Brett), J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.