[No. C021274. Third Dist. Apr. 10, 1996.]

NANCIE A. WARGA, Plaintiff and Appellant, v.
RICHARD K. COOPER, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White, and M. J. Hamilton, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

SIMS, J.—Appellant Nancie A. Warga and respondent Richard K. Cooper divorced in 1982 in the State of Washington. Warga received custody of the couple's minor child, Dianne, and Cooper was ordered to pay child support of $200 per month. Thereafter both parties moved frequently from state to state and quarreled repeatedly over visitation and child support. Warga registered the Washington support order in San Bernardino County, California, at some time in the period 1986-1989, when she resided there.

In 1993, Warga, now a resident of Placer County, California, caused an action to be filed by the district attorney's office in that county for enforcement of the Washington support order.[1] (Code Civ. Proc., former § 1694; Civ. Code, former § 4382; see now Fam. Code, §§ 4845, 3556.) In May 1993, Cooper and Warga entered into a stipulated judgment in Placer County Superior Court under which Cooper agreed that he owed $16,644 in child support arrearages for the period November 8, 1982, to February 28, 1993, and that he would repay the arrearages at the rate of $100 per month, with ongoing support to continue at $200 per month. Also in May 1993, Dianne reached the age of 18.

In November 1994, in the same action in which judgment had been entered, Cooper moved for an order directing the district attorney to cease collecting child support arrearages, contending that Warga was estopped to receive the arrearages because she concealed Dianne's whereabouts from him until Dianne reached majority. (See In re Marriage of Damico (1994) 7 Cal.4th 673 [29 Cal.Rptr.2d 787, 872 P.2d 787].) He asserted that the entry of the stipulated judgment did not preclude him from challenging the enforcement of the support order because Damico assertedly held that even if arrearages are owed, a parent who has concealed a child is estopped from collecting them.

After a contested hearing, the trial court found that Warga had concealed Dianne's whereabouts from Cooper during the period July 1985 through June 1989 and entered an order effectively setting aside the stipulated judgment by directing the district attorney to recalculate the arrearages based on this finding.

Represented by the Attorney General, Warga appeals, contending: (1) Cooper failed to show that he was entitled to set aside the 1993 stipulated

---

[1]Warga was represented by the family support division of the Placer County District Attorney's Office because she signed up for public support enforcement services pursuant to title IV-D of the Social Security Act (42 U.S.C. § 602(a)(27)) in December 1985. (Welf. & Inst. Code, §§ 11350, 11350.1, 11475.1; Fam. Code, § 4002.) Warga has not received support from the federal Aid to Families with Dependent Children (AFDC), however; thus this case does not involve a public assistance claim.

judgment based on extrinsic mistake or fraud, and (2) he failed to prove concealment within the meaning of *In re Marriage of Damico, supra*, 7 Cal.4th 673. Cooper has not filed a respondent's brief.

We shall conclude principles of res judicata preclude Cooper from litigating his concealment defense. Rather, he is bound by the stipulated judgment.

## DISCUSSION

In *In re Marriage of Damico, supra*, 7 Cal.4th 673, our Supreme Court approved the holdings of several districts of the Court of Appeal that a noncustodial parent may allege concealment as a defense to an action for the recovery of child support arrearages. The court held that to prove concealment the noncustodial parent must show more than frustration of his or her visitation rights, a form of malfeasance for which there are remedies other than the refusal to pay child support.[2] Rather, the noncustodial parent must show that the other parent actually concealed both his or her own whereabouts and those of the minor child so effectively that the noncustodial parent could not locate the child and make support payments during the period for which arrearages are claimed, thus defeating the purpose of the support order. (*In re Marriage of Damico, supra*, 7 Cal.4th at pp. 682-685.) The court stated, "This case involves alleged concealment until the child reached the age of majority. Therefore, we cannot, and do not, express an opinion on the rule when the concealment ends while the child is still a minor and might yet benefit from payment of the arrearages." (*Id.* at p. 685.)

In *Damico* the custodial parent (the mother) obtained a default judgment for child support arrearages against the noncustodial parent (the father), and thereafter sought to register a foreign support order; the father unsuccessfully raised the defense of concealment in the trial court as a bar to the registration of the foreign support order and the enforcement of the judgment. (*In re Marriage of Damico, supra*, 7 Cal.4th at p. 676.) The Court of Appeal reversed the trial court's judgment, finding that the concealment defense was valid on the facts shown; it also rejected the mother's argument that the default judgment precluded the father's attempt to raise this defense in order to prevent enforcement of the judgment. (*Id.* at p. 677.) *The Supreme Court majority declined to consider the effect of the default judgment on the father's right to raise the concealment defense because the court's grant of review did not expressly include this question and the parties did not brief it before the court. (Id. at p. 677, fn. 1.)*

---

[2]In so stating, the court reaffirmed its prior holding (*Moffat* v. *Moffat* (1980) 27 Cal.3d 645, 659 [165 Cal.Rptr. 877, 612 P.2d 967]) that the mere frustration of a noncustodial parent's visitation rights does not estop the custodial parent from collecting child support arrearages. (*In re Marriage of Damico, supra*, 7 Cal.4th at pp. 678-683.)

Concurring separately, Justice Kennard opined that the majority erred by ignoring the preclusive effect of the default judgment.[3] In her view, since the father had delayed more than six months after entry of the judgment before challenging it, he could not prevail unless he showed that the judgment was tainted by extrinsic fraud or mistake, a substantial defense existed on the merits, and he had diligently sought relief from the judgment. (*In re Marriage of Damico, supra*, 7 Cal.4th at p. 688 (conc. opn. of Kennard, J.).) Justice Kennard concurred in the result because the majority had decided to remand the matter for fact-finding as to the merits of the father's defense. (*Id.* at p. 690.)

■ Here we address the question tendered by Justice Kennard but unanswered by the *Damico* majority: what is the preclusive effect of the 1993 stipulated judgment?

Noting that Cooper's motion was filed more than six months after entry of the stipulated judgment, the Attorney General properly argues that Cooper made no attempt to set aside the stipulated judgment on the grounds of extrinsic fraud or mistake. ■ "After the time for ordinary direct attack has passed (see Code Civ. Proc., § 473 [allowing up to six months to challenge a judgment entered through the moving party's mistake, inadvertence, surprise, or excusable neglect]), a party may obtain relief from an erroneous judgment by establishing that it was entered through extrinsic fraud or mistake. (*In re Marriage of Park* (1980) 27 Cal.3d 337, 342 . . . ; *Olivera* v. *Grace* (1942) 19 Cal.2d 570, 575 . . . .) To warrant relief on this ground, the moving party must establish: (1) facts constituting extrinsic fraud or mistake; (2) a substantial defense on the merits; and (3) diligence in seeking relief from the adverse judgment." (*In re Marriage of Damico, supra*, 7 Cal.4th at p. 688 (conc. opn. of Kennard J.).)

"Extrinsic fraud usually arises when a party is denied a fair adversary hearing because he has been 'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.' (3 Witkin, Cal. Procedure, p. 2124.) 'Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a

---

[3]She rejected the majority's position that this question was not within the scope of the court's review by noting that such review necessarily extends to "every subsidiary issue fairly included in" the petition for review. (Cal. Rules of Court, rule 28(e)(2); see *In re Marriage of Damico, supra*, 7 Cal.4th at p. 687, fn. 2 (conc. opn. of Kennard, J.).)

party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.' (*United States* v. *Throckmorton* (1878) 98 U.S. [(8 Otto)] 61, 65-66 [25 L.Ed. 93, 95].)" (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 471 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368].)

■ The record contains no evidence of extrinsic fraud or mistake. Nor does the record contain any showing that Cooper executed the stipulated judgment involuntarily. (Cf. *Solberg* v. *Wenker* (1985) 163 Cal.App.3d 475, 478-479 [209 Cal.Rptr. 545].) The stipulated judgment was valid. The next question is: what is the effect of the stipulated judgment on Cooper's assertion, by subsequent motion, of his concealment defense? As we shall explain, Cooper's attempt to litigate the defense is precluded by principles of res judicata.

■ "The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action." (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810 [122 P.2d 892].)

"It is simply settled law that normally a stipulated judgment is given [res judicata] effect as to parties *or their privies* to the same extent as a judgment after a contested trial. (See *Gates* v. *Superior Court* (1986) 178 Cal.App.3d 301, 308 . . . ; *Ellena* v. *State of California* (1977) 69 Cal.App.3d 245, 253 . . . ; *Avery* v. *Avery* (1970) 10 Cal.App.3d 525, 529 . . . ; *United States Fire Ins. Co.* v. *Johansen* (1969) 270 Cal.App.2d 824, 833 . . . ; *Guaranty L. Corp.* v. *Board of Supers.* (1937) 22 Cal.App.2d 684, 686 . . . ; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 219, p. 656, and cases cited.)" (*California State Auto. Assn. Inter-Ins. Bureau* v. *Superior Court* (1990) 50 Cal.3d 658, 667 [268 Cal.Rptr. 284, 788 P.2d 1156] (conc. opn. of Broussard, J.).)

■ "Next is the question, under what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it

despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable. In *Price* v. *Sixth District* [(1927)] 201 Cal. 502, 511 [258 Pac. 387], this court said: 'But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result . . . . *This principle also operates to demand of a defendant that all of its defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them.*'" (*Sutphin* v. *Speik* (1940) 15 Cal.2d 195, 202 [99 P.2d 652], last italics added.)

■ Respondent Cooper has shown no reason why his concealment defense could not have been tendered in the proceedings leading to the stipulated judgment. His declaration filed in the trial court shows he was well aware of facts constituting the alleged concealment as of 1993 when the stipulated judgment was entered.

In this case we do not have to decide whether a change in the law may entitle a defendant to assert a defense not proffered in connection with a prior judgment. Even assuming for the sake of argument a change of law would entitle the assertion of a new defense, Cooper can show no such change in this case. Here, at the time the 1993 judgment was entered, no existing appellate authority precluded a defense of concealment. Before the Supreme Court decided the issue in *Damico,* the Third District had not published a decision on the viability of the defense. The majority of the districts of the Court of Appeal which had published on the question had affirmed the defense's viability, at least under certain circumstances. (*In re Marriage of Damico, supra,* 7 Cal.4th at pp. 679-682 [setting out decisions in favor of the defense from the First, Second, Fourth and Fifth Districts and decisions against it from the First (a different panel) and the Sixth].) At least three cases had recognized a concealment defense without requiring that the supported children had reached the age of majority. (*In re Marriage of Smith* (1989) 209 Cal.App.3d 196, 202 [257 Cal.Rptr. 47]; *State of Washington* ex rel. *Burton* v. *Leyser* (1987) 196 Cal.App.3d 451, 454, 457 [241 Cal.Rptr. 812]; *In re Marriage of Daves* (1982) 136 Cal.App.3d 7, 10 [185 Cal.Rptr. 770].)

We conclude Cooper's concealment defense could have been tendered in 1993, in proceedings leading to the stipulated judgment. Accordingly, Cooper's attempt to assert the defense after judgment is precluded by res judicata. The trial court erred in granting Cooper's motion.

## DISPOSITION

The order appealed from is reversed. The matter is remanded to the trial court with directions to enter an order denying defendant's "Motion to Direct District Attorney to Cease Collecting Child Support Arrearages." The parties shall bear their own costs on appeal.

Sparks, Acting P. J., and Brown, J., concurred.