Filed 4/22/14  P. v. Thao CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075166 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F03349) |
| v. | |
| LUE SENG THAO, | |
| Defendant and Appellant. | |

Defendant Lue Seng Thao was sentenced on April 8, 2011, to 20 years to life after being convicted of, inter alia, attempted murder.  The judgment was affirmed on appeal.[1] Thereafter, defendant filed a motion in the trial court seeking a reduction in his restitution fine based on his alleged inability to pay the $5,000 fine.  The trial court denied the motion and defendant appeals.

---

[1]  We incorporate by reference the record in that case.  (*People v. Thao* (Jan. 24, 2013, C068080) [nonpub. opn.].)

1

Counsel for defendant filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief arguing the trial court should have granted his motion to reduce the restitution fine. We shall dismiss the appeal.

Once judgment is rendered, the sentencing court is without jurisdiction to vacate or modify the sentence except pursuant to the provisions of Penal Code section 1170, subdivision (d).[2] (See *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1835.) The statutory exception allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court loses such jurisdiction if it fails to recall a sentence within 120 days of the original commitment. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.) In this case, sentence was imposed on April 8, 2011, and defendant was committed to the custody of the Department of Corrections and Rehabilitation. The motion for modification was not filed until October 15, 2013, far more than 120 days thereafter. Consequently, the sentencing court was without jurisdiction to act upon a motion to modify defendant's sentence by reducing his restitution fine. (See *People v. DeVore* (1990) 218 Cal.App.3d 1316, 1318-1319.)

Furthermore, defendant previously appealed his conviction and sentence. This court affirmed the judgment in an unpublished opinion filed on January 24, 2013, the

---

[2] Penal Code section 1170, subdivision (d)(1), provides: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

California Supreme Court denied review, and the remittitur issued on April 12, 2013.
The doctrine of res judicata bars the relitigation of claims conclusively determined in a previous action. (*Burdette v. Carrier Corp.* (2008) 158 Cal.App.4th 1668, 1674-1675.) A prior judgment is res judicata as to matters raised in the prior proceeding as well as to those which could have been raised. (*Warga v. Cooper* (1996) 44 Cal.App.4th 371, 378.) Thus, the matter of defendant's restitution fine, which he could have raised in his previous appeal, is res judicata.

"[S]ince . . . the trial court no longer had jurisdiction to recall [defendant]'s sentence when it issued the order denying his motion, denial of the motion could not have affected [his] substantial rights" and the "order denying [the] motion to modify sentence is not an appealable order" and the appeal must be dismissed. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.)

## DISPOSITION

The appeal is dismissed.

          ROBIE          , J.

We concur:

     RAYE          , P. J.

     BUTZ          , J.