Filed 9/15/14   Losonsky v. Davis CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GREGG M. LOSONSKY, | B251949 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC507892) |
| LAWRENCE DAVIS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin Brazile, Judge.  Affirmed.

Gregg M. Losonsky, in pro per, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Gregg Losonsky appeals from the judgment entered upon the order sustaining Lawrence Davis's demurrer without leave to amend.  The trial court dismissed

appellant's complaint, finding that res judicata barred the action because appellant's claims were based on the same primary right as a prior complaint that had been dismissed with prejudice. Appellant contends that prior complaint was dismissed without affording him an opportunity to amend that complaint. Therefore, he filed a new complaint asserting new causes of action. Thus, under the circumstances, appellant contends it was unfair and unjust that the trial court applied res judicata as a basis to dismiss his new complaint. As we shall explain, appellant's claims lack merit. To the extent that appellant complains that he should have been given an opportunity to amend the original complaint, the proper recourse was to file an appeal from the judgment dismissing the original complaint. He cannot cure the defects in the original complaint by filing a new complaint in the trial court based on the same underlying facts. Consequently, the trial court properly applied res judicata to dismiss the new complaint. Accordingly, we affirm the judgment.

### *FACTUAL AND PROCEDURAL HISTORY*

In September 2011, appellant filed a complaint against Lawrence Davis asserting causes of action for negligence and intentional tort arising out of appellant's tenancy in an apartment complex owned by Davis. In March 2012, appellant filed a first amended complaint. After the trial court granted Davis's motion for judgment on the pleadings giving appellant leave to amend, appellant filed a second amended complaint (hereinafter known as the original complaint).

In the original complaint appellant alleged that he rented an apartment from Davis in 2011, and that at the time he entered the lease, Davis failed to disclose that he had been found to be in violation of several Los Angeles Municipal codes by the Los Angeles Housing Department (LAHD). Appellant alleged that Davis failed to cure the code violations disclosed in the LAHD decision and that the code violations made his unit uninhabitable and placed him in danger. Appellant further alleged that he discovered the code violations when he attended an LAHD meeting and as a result Davis retaliated against him.

Davis filed a demurrer to the original complaint and appellant filed an opposition to the demurrer. According to appellant, he brought a third amended complaint to the demurrer hearing to show that he could cure the defects in the original complaint. However, appellant contends that court would not allow him to present the amended complaint, and dismissed the original complaint with prejudice on April 30, 2013.

Appellant did not file an appeal from the judgment. Instead on May 3, 2013, appellant took the third amended complaint that he had brought to the demurrer hearing and filed it in the trial court as a new complaint. The new complaint alleged causes of action for breach of the warranty of habitability, nuisance, negligent violation of statutory duty and intentional infliction of emotional distress. The new complaint contained claims of injury and damage related to Davis's failure to remedy the code violations outlined in the LAHD decision. In addition, the new complaint contained claims that other tenants in the complex had created "annoyance and discomfort" and were aggressive towards him when he made inquiries about the code violations.

Davis filed a demurrer to the new complaint arguing that it should be dismissed as a matter of law under the doctrine of res judicata because it was based on the same underlying facts and circumstances as the original complaint. The trial court agreed and dismissed the action with prejudice. This appeal followed.

## DISCUSSION

Before this court appellant maintains that it is unjust to apply res judicata to this case because he was not given an opportunity to cure the defects in the original complaint and because to do so would be to ignore Davis's violations of appellant's rights.

At the outset, we note that while appellant's written opposition to the demurrer is included in the appellate record, Davis's demurrer is missing. Appellant failed to designate the demurrer to be included in the clerk's transcript on appeal. Appellant has therefore failed to provide us with a complete record of the matter, in violation of well established appellate rules. For this reason alone, we find the challenge to the court's order sustaining the demurrer has been forfeited on appeal. (See *Maria P. v. Riles* (1987)

3

43 Cal.3d 1281, 1295-1296 ["Because [defendants] failed to furnish an adequate record of the attorney fee proceedings, defendants' claim must be resolved against them"].)

In any event, even were we to reach appellant's claims on appeal we would conclude that they lack merit.

Although alleged as new causes of action, appellant's claims in the new complaint are all based on the same underlying facts as the original complaint. In the new complaint, appellant is seeking redress for the dangers and harms caused by Davis's failure to fix the code violations and for Davis's acts of misconduct and retaliation against appellant. These are the same facts and circumstances that formed the basis of the original complaint. Even the complaints about the behavior of the other tenants are related to the code violations and conditions in the apartment that were subject of the claims in the original complaint. As such the trial court properly concluded that appellant's new complaint was barred by res judicata. (*Warga v. Cooper* (1996) 44 Cal.App.4th 371, 378 [a prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable].)

To pursue claims against Davis relating to his tenancy, appellant's proper avenue of recourse was not to file a wholly new complaint after the trial court dismissed the original complaint with prejudice, but instead to appeal from the judgment dismissing the original complaint. On appeal, appellant could have argued that the trial court erred in failing to grant him an opportunity to cure the defects in the original complaint. But, appellant failed to appeal from that judgment, and his failure to do so forecloses any further opportunity for him to seek redress for the claims and alleged injuries at issue in his complaints.

In view of the foregoing, we conclude the trial court properly sustained the demurrer to the new complaint without leave to amend.

4

*DISPOSITION*

The judgment is affirmed.  No costs on appeal are awarded.



**WOODS, J.**


**We concur:**



**PERLUSS, P. J.**



**ZELON, J.**

5