Filed 11/5/15  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C078877 |
| Plaintiff and Respondent, | (Super. Ct. No. S07CRF0275) |
| v. | |
| KONOLUS IRWIN SMITH, | |
| Defendant and Appellant. | |

Defendant Konolus Irwin Smith was sentenced on February 4, 2008, to two concurrent terms of 25 years to life on convictions of corporal injury to a spouse or cohabitant and making criminal threats.  The judgment was affirmed on appeal and remittitur issued on September 14, 2009.[1]  Thereafter, on February 2, 2015, defendant filed a motion in the trial court seeking a reduction of his $10,000 restitution fine based

---

[1] We incorporate by reference the record in that case.  (*People v. Smith* (May 22, 2009, C058272) [nonpub. opn.].)

on his alleged inability to pay. The trial court denied the motion, noting defendant could have, but did not, raise the issue in his previous appeal.[2] Defendant appeals.

Counsel for defendant filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[3] (*People v. Wende* (1979) 25 Cal.3d 436.) Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order is affirmed.


/s/
Blease, Acting P. J.

We concur:


/s/
Nicholson, J.


/s/
Robie, J.

---

[2] See *Warga v. Cooper* (1996) 44 Cal.App.4th 371, 378 (a prior judgment is res judicata as to matters raised in the prior proceeding as well as to those, which could have been raised).

[3] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.