Filed 10/29/25  1081 Camino v. JDA Associates CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| 1081 CAMINO, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JDA ASSOCIATES, INC., et al. <br><br> Defendants and Respondents. | D083818 <br><br><br> (Super. Ct. No. 37-2020-00047637-CU-PN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Mazur & Mazur and Janice R. Mazur for Plaintiff and Appellant.

Byron Edwards & Lemley, Michael M. Edwards and Zachary M. Lemly for Defendant and Respondent JDA Associates, Inc.

Schwartz & Janzen, Noel E. Macaulay and Steven H. Schwartz for Defendant and Respondent Robert Andrew Hernandez.

### INTRODUCTION

At an arbitration on a contract dispute between a commercial building owner and a general contractor, a three-member arbitration panel found in favor of the general contractor.  This included the owner's counterclaims the

general contractor was liable to it for damages arising from the general contractor's mismanagement of design services rendered under a subcontract with architects. The panel specifically found there was no evidence the work performed by the architects "in any way caused financial harm" to the owner.

In the owner's separate lawsuit against the architects in superior court, the trial court granted the architects' motions for summary judgment, finding the arbitration ruling barred the action under principles of issue preclusion and claim preclusion. We affirm solely on the principle of claim preclusion. We also uphold the trial court's denial of the owner's motion to amend the complaint to add fraud claims against the architects.

FACTUAL AND PROCEDURAL BACKGROUND

I.

*The Contracts*

1081 Camino, LLC (1081 Camino) is the owner of a commercial building located at 1081 Camino Del Rio South in San Diego. In July 2019, 1081 Camino hired WRKB Builders, Inc., dba Online Builders (Online Builders) to act as general contractor to design and construct "certain tenant improvements" at its building.[1] Their contract (Owner-Contractor Contract) provided that Online Builders would "furnish construction administration and management services," and that it would be "responsible for supervision and coordination" of the work performed pursuant to the contract. The contract allowed Online Builders to subcontract work not performed "with its own forces." It also contained an arbitration clause.

---

[1] The contract with Online Builders originally identified Solute, Inc. (Solute) as the "owner" but, in October 2019, it was amended to substitute 1081 Camino in place of Solute. (Capitalization omitted.) Because Solute is no longer a party to the underlying litigation and is not a party to this appeal, we do not discuss this entity any further.

Online Builders, in turn, subcontracted design services to an architect named Richard Andrew Hernandez.[2]  Pursuant to their contract (Architect Services Contract), Hernandez agreed to draft and produce "architectural [c]onstruction [d]ocuments" for 1081 Camino's "[t]enant [i]mprovement plans for [a] two story office building and parking garage."  He was to also obtain necessary building permits and assist with "[c]onstruction administration" and "plan updates as required by code or [an] inspector."  Hernandez, however, was not yet a registered and licensed architect in California when the Architect Services Contract was signed in August 2019.  So he retained a licensed architect, John DeFranza of JDA Associates, Inc. (JDA), to oversee his work and act as the architect of record until he obtained his license in December 2019.

## II.

### *Arbitration Between Online Builders and 1081 Camino*

The deal between Online Builders and 1081 Camino fell apart in June 2020.  Online Builders submitted a demand for arbitration of its claims to the Construction Tribunal of the American Arbitration Association (AAA), in September 2020.  The claims sought payment of unpaid fees and costs for services performed under the Owner-Contractor Contract.

1081 Camino answered and counterclaimed in October 2020.  1081 Camino initially named Hernandez and JDA (together, the architects) as additional respondents to its counterclaim.  But in November 2020,

---

[2]     We recognize the Civil Code precisely defines and distinguishes between " '[d]esign professional,' " " '[d]irect contractor,' " and " '[s]ubcontractor' " in statutes that regulate the construction industry.  (Civ. Code, §§ 8014, 8018, 8046.)  Those definitions are not relevant to our analysis.  We use the term "subcontract" here in its generic sense to mean a contract that is subordinate to another contract.

3

Hernandez and JDA sent a joint letter to the AAA stating, "We are in receipt of the . . . request to add [us] to the counter claim against [Online Builders]. We reject this request." Approximately one month later, 1081 Camino voluntarily dismissed the architects without prejudice from the arbitration proceeding and sued them in San Diego County Superior Court.

In its operative counterclaim against Online Builders in the arbitration proceeding, 1081 Camino alleged it purchased an office building "with the goal of making improvements . . . to make the site its national headquarters," and it "hired [Online Builders] specifically to improve th[e] office building and surrounding areas." "[Online Builders] failed to live up to its responsibilities and duties as [g]eneral [c]ontractor, and breached its duties to exercise reasonable care in the planning, *design*, and construction administration of [1081 Camino's] offices, thereby causing [1081 Camino] to suffer over $1 million in construction overage damages and lost revenues, among other damages." (Italics added.)

1081 Camino alleged in the counterclaim that Online Builders mismanaged the construction project in several ways that did not involve the architects' services. For example, it alleged Online Builders failed to hire enough workers to complete the project in a timely manner, allowed "obvious hazards and dangerous conditions" on the worksite, failed to pay its subcontractors resulting in mechanics liens on the office building, and overbilled for services it had not yet completed. But 1081 Camino also specifically alleged Online Builders was liable for damages based on the services it had retained Hernandez to provide. In support of its counterclaim, 1081 Camino attached as exhibits both the Owner-Contractor Contract and the Architect Services Contract.

4

In particular, 1081 Camino alleged in the counterclaim that "[u]nder the [Owner-Contractor Contract], [Online Builders] agreed to provide first rate construction services, to complete the [p]roject in accordance with the plans, specifications, and drawings that were supposed to have been completed under the Architect [Services Contract]." But "Online Builders' handling of its responsibilities regarding the design for the [p]roject has . . . fallen short" and its "work product is below standard." According to the counterclaim, even after the plans were approved, 1081 Camino "continued to find errors in the architectural plans submitted to the [c]ity for items that were not compliant with applicable building laws, codes, and regulations." The counterclaim specifically alleged mismanagement by Online Builders on the ground that Hernandez was initially unlicensed and submitted plans to the city that had been stamped and approved by JDA.

The specific causes of action that 1081 Camino asserted in the counterclaim against Online Builders included: (1) breach of contract, (2) negligence, and (3) breach of the covenant of good faith and fair dealing. For each of these three causes of action, 1081 Camino contended it was entitled to damages for the cost of "delay" and to "correct faulty work." Its list of past damages included fees that had been paid to a different architect. And its list of prospective damages included $30,000 for "subsequent [a]rchitectural services."

In 2021 and 2022, over the course of nine days, the parties presented testimony and more than 100 exhibits to a three-member arbitration panel. Online Builders understood 1081 Camino's counterclaim to assert that it was liable for providing allegedly substandard architectural services on the project through Hernandez and JDA. In addition, "[t]hroughout the arbitration, 1081 Camino . . . repeatedly asserted that Online Builders was

5

responsible for purportedly defective design work by Hernandez and JDA." Consequently, Online Builders retained an architect expert to testify about the services performed by Hernandez and JDA. Hernandez testified about those services, and it is undisputed the expert testified that Hernandez and JDA "met the applicable standard of care in the [a]rchitectural services provided on th[e] project."

In June 2022, the arbitration panel reached its decision. On Online Builder's claims, the arbitration panel concluded 1081 Camino breached the Owner-Contractor Contract. They awarded $624,077.92 to Online Builders on its claims, consisting of $53,634.63 in damages, $125,443.29 in costs, and $445,000 in attorney fees.

The arbitration panel ruled against 1081 Camino on all of its counterclaims. The arbitrators specifically found the "[e]vidence showed, and it was admitted, that [Hernandez] . . . was not licensed as an architect until . . . a few months after he began performing architectural services. However, [he] worked with . . . a licensed architect who stamped the plans when they were submitted for permitting. [¶] . . . *There was no evidence that the work performed by . . . Hernandez or [JDA] violated the standard of care for an architect or in any way caused financial harm to [1081 Camino]*."[3] (Italics added.)

### III.

### *1081 Camino's Lawsuit Against the Architects*

As mentioned, while the arbitration with Online Builders was pending, in December 2020, 1081 Camino filed the underlying lawsuit against Hernandez and JDA in superior court. In its operative complaint, 1081

---

[3] 1081 Camino did not appeal or otherwise challenge the arbitration panel's decision and "Final Award."

Camino alleged three causes of actions against the architects: (1) breach of contract (third-party beneficiary theory), (2) negligence (professional negligence theory), and (3) breach of the implied covenant of good faith and fair dealing (third-party beneficiary theory). As was the case in its counterclaim in the arbitration, the causes of actions here were based on allegedly faulty work by the architects on the tenant improvement project. The complaint also attached the Architect Services Contract as an exhibit.

The allegations in the complaint tracked those asserted against Online Builders in the arbitration counterclaim. Many allegations, in fact, were copied almost verbatim. In the complaint, 1081 Camino asserted that it purchased an office building "with the goal of making improvements . . . to make the site its national headquarters." It alleged Hernandez and JDA "failed to live up to their responsibilities and duties as [a]rchitects, and breached their duties to exercise reasonable care in the planning, design, and construction administration of [1081 Camino's] offices, thereby causing [1081 Camino] to suffer hundreds of thousands of dollars in construction overage damages and lost revenues." It alleged the architects represented "they would perform professional services competently," but failed "to perform work in a good and competent manner" and "engaged in conduct below the standard of care which is ordinarily applied by architects of good standing."

Exactly as asserted in the arbitration counterclaim, 1081 Camino alleged in the complaint that the architects "repeatedly provided to [1081 Camino] draft architectural plans for the [p]roject that were inconsistent with applicable building laws, codes, and regulations." It alleged 1081 Camino had to pay to change the plans to make them compliant, and these "mistakes" in the plans "delayed the approval of the plans by the [c]ity" and cost money. It alleged that, even after the plans were approved by the city, 1081 Camino

7

"continued to find errors in the architectural plans submitted to the [c]ity for items that were not compliant with applicable building laws, codes, and regulations." The complaint further specifically alleged it was improper for Hernandez to retain JDA to approve and stamp his work. And as damages, the complaint alleged 1081 Camino was entitled to the cost of "delay" and "redesign[ ]" of "certain portions of the [p]roject."

In March 2023, after the arbitration award for Online Builders, 1081 Camino sought leave to amend the complaint to add claims for negligent and intentional misrepresentation against Hernandez. The asserted basis for the amendment was that new counsel for 1081 Camino, upon substituting in as counsel of record, had spoken with former counsel and allegedly "learned of additional specific facts concerning fraud." Hernandez opposed the motion on the ground that it was both untimely and barred by the prior arbitration ruling. The trial court denied the motion, as both untimely and unsupported by credible evidence.

In September 2023, Hernandez and JDA filed motions for summary judgment. In both motions, the architects asserted all causes of action were barred by the affirmative defense of claim preclusion as a consequence of the arbitration award in favor of Online Builders. Hernandez's motion also asserted the principle of issue preclusion. 1081 Camino opposed the motions. Both architects filed reply briefs.

The trial court granted both motions in November 2023 and entered judgment in favor of Hernandez and JDA in February 2024. The court ruled the underlying action was barred by the principles of both claim and issue preclusion. The court recognized there was "no mutuality" between the architects and 1081 Camino, meaning that if 1081 Camino had won the arbitration there would be no basis for it to have enforced the award against

8

the architects. But the court recognized that mutuality is not always required for claim and issue preclusion to be available to a nonparty. (*Bernhard v. Bank of America Nat. Trust & Savings Assn.* (1942) 19 Cal.2d 807, 812 (*Bernhard*).

## DISCUSSION

## I.

*The Trial Court Did Not Err in Granting Summary Judgment on the Basis of Claim Preclusion*

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc.,[4] § 437c, subd. (c).) Our review on appeal from the grant of a summary judgment motion is de novo. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) Applying this standard, we conclude the trial court properly granted summary judgment on the ground that the underlying causes of action are barred by the principle of claim preclusion. It erred, however, when it also ruled the causes of action were barred by the principle of issue preclusion.

---

[4] Undesignated statutory references are to the Code of Civil Procedure.

"The law of preclusion helps to ensure that a dispute resolved in one case is not relitigated in a later case. Although the doctrine has ancient roots, its contours and associated terminology have evolved over time. We now refer to 'claim preclusion' rather than 'res judicata,' and use 'issue preclusion' in place of 'direct or collateral estoppel.' " (*Samara v. Matar* (2018) 5 Cal.5th 322, 326 (*Samara*) [cleaned up].)

"Claim and issue preclusion have different requirements and effects." (*Samara, supra*, 5 Cal.5th at p. 326.) "*Claim preclusion* 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' " (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN Holdings*).) Subject to certain exceptions, "[c]laim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit." (*Ibid*.)

"*Issue preclusion* prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." (*DKN Holdings, supra*, 61 Cal.4th at p. 824.) "Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action." (*Ibid*.) "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*Id*. at p. 825.)

1081 Camino contends the trial court erred in granting summary judgment because neither claim preclusion nor issue preclusion apply to the circumstances presented here. In its view, "neither of the architect defendants in this action were parties to the arbitration, nor were they in privity with the general contractor," and the claims in the instant case were

10

"very different" than those in the arbitration because "there was absolutely no claim for professional negligence asserted in the arbitration." It contends the issues were different because, in the arbitration, the "issues with the architects were addressed only as they related to Online Builders' own failure to properly supervise [them]," and not as to whether the architects' design work fell below the professional standard of care. (Underscore omitted.)

We agree the trial court erred in applying issue preclusion, but not for the reasons identified by 1081 Camino. Rather, issue preclusion is not available as a defense to Hernandez and JDA, as a matter of law. In *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815 (*Vandenberg*), our Supreme Court concluded, "the policies underlying the doctrine of [issue preclusion] must yield to the contractual basis of private arbitration, i.e., the principle that the scope and effect of the arbitration are for the parties themselves to decide." (*Id.* at pp. 833–834.) The court accordingly held "a private arbitration award, even if judicially confirmed, can have no [issue preclusion] effect in favor of third persons unless the arbitral parties agreed, in the particular case, that such a consequence should apply." (*Id.* at p. 834.) The parties here point to no evidence of an agreement by 1081 Camino that a decision by the arbitration panel would preclude the relitigation of issues in a subsequent proceeding with a nonparty. The trial court therefore erred when it granted summary judgment on the basis of issue preclusion.

By contrast, the holding in *Vandenberg* does not apply to claim preclusion. The California Supreme Court specifically recognized that a final arbitration award may bar a subsequent lawsuit on the same cause of action. (*Vandenberg*, *supra*, 21 Cal.4th at p. 824, fn. 2.) We have accordingly conducted an independent review of the architects' contention that the causes of action in the underlying action are barred by the arbitration award in

11

favor of Online Builders.  And we conclude there is no issue of material fact with respect to any of the required elements of the affirmative defense of claim preclusion.

*First*, the parties agree the arbitration award was a final judgment on the merits in favor of Online Builders.

*Second,* based on the primary right at stake, the arbitration and underlying lawsuit involved " 'the same cause of action.' " (*DKN Holdings*, *supra*, 61 Cal.4th at p. 824.)  "Whenever a judgment in one action is raised as a bar to a later action under the doctrine of [claim preclusion], the key issue is whether the same cause of action is involved in both suits.  California law approaches the issue by focusing on the 'primary right' at stake:  if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (*Eichman v. Fotomat Corp.* (1983) 147 Cal.App.3d 1170, 1174.)  "As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  It must therefore be distinguished from the *legal theory* on which liability for that injury is premised:  Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.  The primary right must also be distinguished from the *remedy* sought:  The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904 [cleaned up].)

12

Here, 1081 Camino sought recovery in the arbitration and underlying lawsuit based on different legal theories of recovery. In the arbitration, 1081 Camino asserted Online Builders was liable for negligence and breach of contract on the theory that Online Builders was responsible—as general contractor pursuant to the Owner-Contractor Contract—for the allegedly faulty design services it retained Hernandez and JDA to provide. In the underlying lawsuit, 1081 Camino alleged the architects were directly liable for negligence and breach of contract based on the same faulty services, but on a theory that 1081 Camino was a third-party beneficiary of the Architect Services Contract. In each proceeding, however, 1081 Camino alleged *injury* arising out of services performed by Hernandez and JDA pursuant to the Architect Services Contract. Both the counterclaim and the complaint identically allege the "draft architectural plans for the [p]roject . . . were inconsistent with applicable building laws, codes, and regulations," and these "mistakes" in the plans caused injury because they had to be corrected and "delayed the approval of the plans by the [c]ity." On these facts, there can be no dispute the arbitration and underlying lawsuit involved the same injury and therefore the same primary right and therefore the same cause of action for purposes of claim preclusion. (See *Thibodeau v. Crum* (1992) 4 Cal.App.4th 749, 757 [holding that a homeowner's claims against a subcontractor involving "the same homeowner, the same home, and the same driveway" were barred by a prior arbitration ruling in favor of the general contractor].)

*Third*, there is no material dispute that 1081 Camino was a party to the arbitration and that Hernandez and JDA, while not strictly parties or privies, are nevertheless nonparties entitled to benefit from the claim preclusive effect of the arbitration ruling and award. Strictly speaking,

"privity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound' by the first suit." (*DKN Holdings*, *supra*, 61 Cal.4th at p. 826.) But this requirement is subject to an important exception, one which Hernandez and JDA correctly contend applies here.[5]

California recognizes "a broad exception to the requirements of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of [claim preclusion] is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts." (*Bernhard*, *supra*, 19 Cal.2d at p. 812.) In this context, " 'derivative' " means "liability is imposed on one person for the direct acts of another." (*Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal.App.4th 566, 579 (*LeVine*); see *id.* at pp. 576–578.) Nonmutual claim preclusion is thus available " '[w]hen a defendant's liability is *entirely derived* from that of a party in an earlier action.' " (*Grande*, *supra*, 13 Cal.5th at pp. 330–331; *id.* at p. 326.) It is also available when the second action is against the direct actor, as opposed to the actor with derivative liability, as is the case here. (*Cal Sierra Development, Inc. v. George Reed, Inc.* (2017) 14 Cal.App.5th 663, 674–675. (*Cal Sierra*).) "Typical examples of such derivative liability are master and servant, principal and agent, and

_____

5    Some courts use the term "privity" broadly to include relationships between parties that fall within this exception. Our high court, however, recently suggested the term "nonmutual claim preclusion" better conveys the concept of this "doctrine of privity that allows a nonparty to benefit from a judgment, but not to be bound by a judgment." (*Grande v. Eisenhower Medical Center* (2022) 13 Cal.5th 313, 329 (*Grande*); see *id.* at p. 326.) We follow that suggestion here.

14

indemnitor and indemnitee." (*Bernhard*, at p. 812; see *LeVine*, at pp. 578–579 [collecting examples].) Derivative liability supporting claim preclusion has also been found between a corporation and its employees, a general contractor and its subcontractors, and an association and member agents. (*DKN Holdings*, *supra*, 61 Cal.4th at p. 828.) Under some circumstances, the liability of a licensor and licensee may also be derivative. (*Cal Sierra*, at pp. 674–675.)

Derivative liability is precisely what is at stake here. 1081 Camino sought in the arbitration proceedings to hold Online Builders liable for the acts of the architects it had retained pursuant to its management and supervisory obligations under the Owner-Contractor Contract. In its counterclaim, 1081 Camino asserted Online Builders was responsible for mistakes made by the architects in the architectural plans and other services that had been delegated to them. All of the acts alleged to support liability by Hernandez and JDA related to services subcontracted to them by Online Builders pursuant to the Architect Services Contract. Online Builders' liability, if any, was thus derivative of the architects' liability in the sense that, it was entirely dependent on the architects' actions. (*LeVine*, *supra*, 131 Cal.App.4th at p. 577.) For this reason, although the architects were neither parties nor technical privies to the arbitration proceeding, they were nevertheless entitled to assert nonmutual claim preclusion with respect to the arbitration award. (Cf. *Cal Sierra, supra*, 14 Cal.App.5th at p. 674 [holding that a prior arbitration award in favor of a licensor barred subsequent action against the licensee because it acted only pursuant to the license agreement in its dealings with the plaintiff]; *Sartor v. Superior Court* (1982) 136 Cal.App.3d 322, 326–328 [holding that a prior arbitration award finding an architectural corporation liable for defective solar panel gaskets

15

barred a subsequent action against the corporation's employees alleging fraud and negligence for other alleged construction defects on theory of derivative liability].)

*Finally*, 1081 Camino's claims of forfeiture and unfairness lack merit. 1081 Camino claims Hernandez and JDA waived the affirmative defense of claim preclusion because they failed to plead it. But section 1908.5 provides that "[w]hen a judgment or order of a court is conclusive, the judgment or order must be alleged in the pleadings *if there be an opportunity to do so*; if there be no such opportunity, the judgment or order may be used as evidence." (Italics added.) Because the arbitration proceeding had not concluded when 1081 Camino filed the complaint, Hernandez and JDA correctly refrained from asserting claim preclusion as an affirmative defense and used the arbitration ruling as "evidence" to support their motions for summary judgment.

In a similar vein, 1081 Camino contends the architects engaged in "gamesmanship" by "waiting to raise the claim until they knew the outcome of the arbitration." But it was impossible for the architects to move for summary judgment on the defense of claim preclusion until the arbitration panel issued its final award. And there was, in any event, no requirement that they move for summary judgment on their affirmative defense instead of waiting to prove it up at trial.

1081 Camino further complains of unfairness and "irony" because Hernandez and JDA wrote a letter objecting to being added as respondents to the arbitration counterclaim and so 1081 Camino voluntarily dismissed them from the proceedings. It contends it "wanted to include the architects in the arbitration . . . and resolve all liability issues against all the defendants— contractor and architects—at once, since there was certainly some overlap in

their potential liability (for example, the architects' own negligence and the contractor's negligent hiring and supervision of the architects). Having all issues resolved before the same tribunal would have been far more efficient and cost-effective than litigating the architects' liability separately." (Underscore removed.) It contends the voluntary dismissal "severed" the "architects' liability issues . . . from the arbitration proceedings," and for this reason, it refrained from claiming the architects' work fell below the professional standard of care in the arbitration tribunal.

These contentions reveal a misunderstanding of the law. A host of procedures were available to 1081 Camino to formally seek adjudication of its claims against Online Builders, Hernandez, and JDA in one forum, either the arbitration proceeding or the underlying action, or to formally sever arbitrable and nonarbitrable issues. (§ 1281.2; see *Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 339–340 [ordering an arbitration proceeding consolidated for all purposes with a pending lawsuit]; *Turtle Ridge Media Group, Inc. v. Pacific Bell Directory* (2006) 140 Cal.App.4th 828, 831–835 [ordering a nonsignatory to an arbitration agreement to arbitrate a dispute involving a subcontract on the grounds of equitable estoppel].) 1081 Camino availed itself of none of these options; instead it voluntarily dismissed the architects in response to an informal letter. The result of this strategy is that 1081 Camino's claims against the architects for faulty work on the tenant improvement project have been conclusively determined.

This includes 1081 Camino's allegations the architects' work fell below the professional standard of care. If a matter " 'is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment.' " (*Warga v. Cooper* (1996) 44 Cal.App.4th 371, 377 (*Warga*).) As we have explained in detail, the arbitration counterclaim

17

asserted liability against Online Builders for design services rendered by the architects and this question was treated as one involving the professional standard of care. The arbitration panel further specifically determined the architects' services did not violate the standard of care. The question of the architects' professional negligence was therefore conclusively determined in the prior proceeding.

Regardless, " 'the rule goes further. If [a] matter was within the scope of the [prior] action, related to the subject-matter and relevant to the issues, so that it *could have* been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that [a] prior judgment is [preclusive] on matters which were raised or could have been raised, on matters litigated or litigable.' " (*Warga*, *supra*, 44 Cal.App.4th at pp. 377–378, italics added.)

Applying this principle here, even if the question of professional negligence had not been actually litigated, it was a matter within the scope of the prior arbitration that could have been. One way or another, the arbitration decision and final award thus definitively bars 1081 Camino's causes of action against Hernandez and JDA. We therefore uphold the trial court's order granting summary judgment.

## II.

### *The Trial Court Did Not Abuse Its Discretion in Denying the Motion for Leave To Amend the Complaint*

As noted, 1081 Camino sought leave to amend the complaint to add causes of action for negligent and intentional misrepresentation against

Hernandez. 1081 Camino contends the trial court abused its discretion when it denied the motion. We disagree.

In the motion to amend, 1081 Camino represented that it first discovered "in or about the summer of 2021, in June or July" that Hernandez purportedly made affirmative misrepresentations about his licensing status to 1081 Camino employees before he became a licensed architect. It also represented that it first discovered "in March 2021" that Hernandez purportedly failed to submit certain architectural plans to the city until after Online Builders "abandoned" the tenant improvement project. The trial court plainly did not believe this asserted factual basis for the motion. Its ruling states, "The [c]omplaint is extremely specific as to the facts—the specific time and alleged errors of the architects are discussed in great detail, making it hard to see how the 'facts' of any misrepresentations were not known at the time of the filing of the [c]omplaint in December 2020."

We have compared the relevant portion of the original complaint (dated December 2020), the original arbitration counterclaim (dated April 2021), and the proposed amended complaint attached to 1081 Camino's motion to amend (filed March 2023). The trial court's conclusion—that 1081 Camino's assertions in support of its motion to amend are belied by its earlier pleadings—is squarely supported by the record and we do not reweigh its factual findings in rejecting the proffered reasons for the late amendment. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.) The court did not abuse its discretion when it denied the motion to amend. (*Thurman v. Bayshore Transit Mgmt., Inc.* (2012) 203 Cal.App.4th 1112, 1158.)

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Hernandez and JDA.  (Cal. Rules of Court, rule 8.278(a)(2).)


DO, J.

WE CONCUR:


IRION, Acting P. J.


RUBIN, J.